UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN B. WARE,

    Petitioner,

v.                                                              Case No. 1:16-CV-1034

SHAWN BREWER,                             HON. GORDON J. QUIST

    Respondent.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by Calvin Ware, a state prisoner, under 28 U.S.C. § 2254. After reviewing Ware's petition and Respondent Shane Brewer's response and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104–132, 110 Stat. 1214, Magistrate Judge Phillip Green found that Ware's petition for habeas corpus is meritless, and issued a 35-page Report and Recommendation (R & R) recommending that the Court deny Ware's petition in its entirety. (ECF No. 16.) Ware filed objections[1] but did not specifically object to the magistrate judge's findings on the state trial court's denial of a jury instruction regarding the lesser-included offense of voluntary manslaughter. (ECF No. 21.)

Under Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R

---

[1] Magistrate Judge Green granted Ware an extension of time until February 22, 2018, to file objections based solely on the delay in delivery of the R & R. (ECF No. 19.) Ware's objections are dated February 25, 2018. (ECF No. 21 at PageID.1014.) Because the prison system's mail is not the most expeditious of mail system, and because Ware has had a delay previously, the Court will not strictly enforce Ware's three-day tardiness.

& R to which a petitioner objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Ware's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Because Ware did not object to the magistrate's conclusions regarding the denial of a voluntary manslaughter instruction, any objection to this issue is deemed waived. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("making some objections but failing to raise others will not preserve all the objections a party may have").

The magistrate considered both Ware's first and fifth grounds for relief, that the prosecutor presented insufficient evidence identifying Ware as the shooter and that his rights were violated because the prosecution failed to definitively identify Ware as the shooter, respectively, under a sufficiency of the evidence analysis. The R & R found that the credibility of the witnesses at issue, particularly relating to their inconsistent statements, was properly challenged before the jury. Ware would have the Court impose a duty upon the prosecutor "to investigate the statements, preliminary examination and other conflicting evidence, and to interrogate their own witnesses about it." (ECF No. 21 at PageID.996.) Ware objects that the "prosecutor strategically shifted the burden to [Ware] to prove the witnesses were not credible." (*Id.* at PageID.999.)

Ware asks the Court to subvert the nature of adversarial litigation, and in place of cross examination, would impose a duty on a prosecutor to ask questions that the defense counsel should ask on cross. There is absolutely no basis for this, and Ware misapplies case law in an effort to say there is. Regardless, Ware's own counsel did investigate the inconsistencies of the

2

prosecution's witnesses, and raised them at trial. The jury was made aware of the inconsistencies and, considering them in light of other evidence, still unanimously decided that Ware was the man who pulled the trigger. Inconsistent statements such as those here, *e.g.*, whether the gun was black or silver, and in the shooter's left hand or right hand, present credibility questions that are, and were, properly left to the jury.

Ware also argues that the witnesses were "inherently incredible and unworthy of belief," and seeks a new trial. The R & R correctly noted that *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), presents a "nearly insurmountable hurdle" when challenging the sufficiency of the evidence, in light of the deference owed to the jury's verdict. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (citation omitted). Ware makes conclusory statements in support of his argument that the witnesses were "seriously impeached" and the case was "marked by uncertainties and discrepancies." The R & R correctly considered the evidence presented and, in light of *Jackson*, found that the evidence was sufficient.

Ware next argues that the R & R incorrectly applied a sufficiency of the evidence review instead of doing an identification analysis under *Neil v. Biggers*, 409 U.S. 188, 93 S. Ct. 375 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 97 S. Ct. 2243 (1977). *Biggers* and *Manson* dealt with suggestive identification procedures, *e.g.*, using a single photograph to identify a suspect. That is not the case here, and therefore the identification analysis Ware cites is wholly inapplicable.

Accordingly, the Court will adopt the R & R on the sufficiency of the evidence claims.

The R & R concluded that the admission of hearsay evidence at the trial is a state law question not cognizable on habeas review, and also noted that Ware fails to demonstrate that the admission of the hearsay evidence violated his right to a fair trial. At trial, Mr. Wagemaker testified that he overheard an unidentified bicyclist say to Ware, "you killed my ears with that,"

and the trial court admitted it as a present sense impression. Now, Ware "contends that such hearsay testimony containing implicit accusations violates the Confrontation Clause." (ECF No. 21 at PageID.1010.) Ware ignores a material element that triggers the Confrontation Clause: the statement at issue must be "testimonial." *Crawford v. Washington*, 541 U.S. 36, 51–53, 124 S. Ct. 1354, 1364–65 (2004). "An off-hand, overheard remark might be unreliable evidence and thus a good candidate for exclusion under hearsay rules, but it bears little resemblance to the civil-law abuses the Confrontation Clause targeted." *Id.* at 51, 124 S. Ct. at 1364. The "you killed my ears with that" statement was not testimonial; it was an off-hand, overheard remark that was admitted under hearsay rules and bears little resemblance to the abuses the Confrontation Clause targeted. Ware's objections are therefore inapplicable.

Accordingly, the court will adopt the R & R on the hearsay claim.

Ware's third claim is that he was deprived of a fair trial because the lead investigator improperly referred to Ware as the "shooter" rather than as the "suspect." The R & R found that there was no fundamental error because there is no Supreme Court precedent to say that "a witness' brief mention of his or her belief in the defendant's guilt violates due process." (ECF No. 16 at PageID.964.) The R & R also applied the harmless error standard from *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710 (1993). Ware argues that the R & R, and the Michigan Court of Appeals, applied the wrong standard by "hypothetically subtract[ing] the improper testimony . . . and considering and weighing the sufficiency of the evidence." (ECF No. 21 at PageID.1012.) Ware correctly cites *Kyger v. Carlton*, 146 F.3d 374, 382 (6th Cir. 1998), in which the Sixth Circuit noted that "it is improper in a *Brecht* inquiry to focus on the sufficiency of the untainted evidence."

The R & R did not merely look at the sufficiency of the untainted evidence. Specifically, the R & R analyzed the facts of the testimony under the standards listed in *Hargrave v. McKee*, 28

F. App'x 718, 728 (6th Cir. 2007) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438 (1986)), which the R & R cited and applied directly. (ECF No. 16 at PageID.964–65.)

Accordingly, the Court will adopt the R & R on the improper testimony claim.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Ware has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Ware's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Ware's claims was debatable or wrong. Thus, the Court will deny Ware a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's R & R (ECF No. 16) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for habeas corpus relief (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: March 9, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE